# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5078 (08 CR 521 - 1) | **DATE** | 10/13/2010 |
| **CASE TITLE** | UNITED STATES v. ROBERTO SANCHEZ | | |

**DOCKET ENTRY TEXT**

Defendant's *pro se* motion to vacate his conviction under 28 U.S.C. § 2255 [1] is denied. The court declines to issue a certificate of appealability. *See* Rules Governing Section 2255 Proceedings 11(a). Sanchez has failed to show a substantial denial of a constitutional right. 28 U.S.C. § 2253(c)(2). **SEE BELOW FOR DETAILS.**

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Roberto Sanchez pleaded guilty without a plea agreement to a cocaine-distribution conspiracy and related drug charges. He was arrested after FBI agents intercepted one of several cocaine deliveries they monitored from California to Chicago, Illinois. PSR 3. After Sanchez's arrest, he admitted that he received shipments of cocaine from California and sold it to customers in Chicago. PSR 4.

The only sentencing issue was whether Sanchez qualified as a manager or supervisor under U.S.S.G. § 3B1.1(b). The court found the three-level increase applicable and calculated a recommended guidelines range of 151 to 188 months' imprisonment. No. 08 CR 521-1, Dkt. No. 176, Sent. Tr. at 10-12 ("Sent. Tr."). Trial counsel, Michael Levinsohn, argued that Sanchez should receive a low sentence because he has been in the United States for a number of years, has worked and paid taxes, has a child whom he supports, and has no criminal history points. Id. at 13-14. Sanchez was sentenced to 151 months.

With a new lawyer, Richard Zaffiro, on appeal, Sanchez challenged only the three-level increase for being a manager or supervisor. The application of § 3B1.1 was affirmed. *United States v. Sanchez*, 355 F. App'x 956 (7th Cir. 2009).

Sanchez now seeks relief under § 2255, citing several instances of alleged ineffective assistance of trial and appellate counsel. Relief under § 2255 is available if a federal prisoner shows his sentence was imposed in violation of a federal law or constitutional provision, the court lacked jurisdiction to impose the sentence, the sentence exceeds the maximum allowed by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). When a prisoner claims he received ineffective assistance of counsel, he must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the guilty-plea context, prejudice requires a reasonable probability that, but for counsel's errors, Sanchez would have gone to trial instead of

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1925 (2010). If prejudice cannot be shown, a court need not examine counsel's performance. *Hutchings v. United States*, No. 08-3538, 2010 WL 3307469, at *3 (7th Cir. 2010).

Sanchez was not prejudiced by Levinsohn's pretrial performance. Sanchez bears the burden of establishing with precision what information counsel would have discovered with a more thorough investigation. *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004). His statement that an investigation "would have yielded crucial evidence" is insufficient to establish prejudice. Additionally, Sanchez contends Levinsohn should have moved to suppress his confession because he was not read his *Miranda* warnings. But the government submitted a written copy of *Miranda* warnings translated into Spanish and signed by Sanchez on the date of his questioning. Gov't Mem., Ex. A. A suppression motion would have been unsuccessful.

Next, Sanchez questions Levinsohn's performance in advising him about the possible sentence he faced. He asserts in an affidavit that counsel told him he would not be sentenced to more than 120 months and attests that he would not have plead guilty had he known he could have been sentenced to a prison term of 151 months. Def.'s Mem., Ex. A, Aff. of Roberto Sanchez ¶¶ 15, 19-20 ("Sanchez Aff."). He asserts that had he put on a substantial and credible defense at trial, he would have received a lower sentence if found guilty. Id. at ¶ 19.

The government refutes Sanchez's assertions with an affidavit from Levinsohn. Levinsohn attests that Sanchez wanted to plead guilty and cooperate with the government in order to get the lowest possible sentence. Gov't Mem., Ex. B, Affidavit of Michael Levinsohn ¶ 1 ("Levinsohn Aff."). He further attests that before the plea hearing, he explained the sentencing possibilities Sanchez could face and denies telling Sanchez that the maximum sentence was 120 months. Id. at ¶ 3.

Sanchez has not shown that Levinsohn's alleged sentencing predictions were a decisive factor in his decision to plead guilty rather than going to trial. First, his claim that he believed he could get no more than ten years is belied by the plea colloquy, in which he was advised twice that he faced a maximum sentence of life and a mandatory minimum of ten years. No. 08 CR 521-1, Dkt. No. 148, Plea Tr. at 12-13 ("Plea Tr."). Sanchez said under oath that he understood. Id. at 13. Additionally, Sanchez attested he understood the court would make the final decision about his sentence. Id. at 14. In order for the court now to accept Sanchez's affidavit over his sworn testimony at the change of plea hearing, he needs to have a compelling explanation for the contradiction. *Bethel v. United States*, 458 F.3d 711, 719 (7th Cir. 2006). Sanchez explains that Levinsohn told him to answer "yes" to all questions posed by the judge except whether anyone had made any sentencing promises. Sanchez Aff. ¶ 16. This is not a compelling reason for committing perjury.

Nor has Sanchez shown prejudice from Levinsohn's performance at sentencing. He argues Levinsohn should have provided his mitigating arguments to the court before sentencing to allow the court more time to consider them. But all the information Levinsohn relied on was previously available to the court in the PSR. *See* PSR 12-13, 15-16, 18. It is speculative that a memorandum repeating this information would have made a difference at sentencing.

Sanchez argues that on appeal Zaffiro should have challenged the validity of his guilty plea and the sufficiency of the factual basis. Sanchez cannot show a reasonable probability that the result of the appeal would have been different if Zaffiro had raised these points. *See Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). A review of the plea hearing shows that the court substantially complied with Rule 11 and that Sanchez admitted the necessary facts for conviction. These meritless claims would not have changed the outcome of the appeal.

*Suzanne B. Conlon*